IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AURORA ESCOBAR,                                         CASE NO. 1:25-cv-22935

       Plaintiff,

v.

GOYA FOODS, INC., d/b/a GOYA FOODS OF
FLORIDA,

       Defendant.

_____/

## **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant, GOYA FOODS, INC., d/b/a GOYA FOODS OF FLORIDA ("Goya"), through its undersigned counsel files its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint.

## **INTRODUCTION**

The Amended Complaint is brought in two counts. Count I attempts to allege a violation of Title VII of the Civil Rights Act of 1964 ("Title VII") for a hostile work environment based on sexual harassment. Count II attempts to allege a violation of Title VII for a hostile work environment based on retaliation. Defendant asserts that this Court should dismiss any claim that is untimely, any claim that is not within the scope of a timely filed charge of discrimination, and any claim that does not state a plausible claim of sexual harassment or retaliation.

Plaintiff's response conflates the sexual harassment allegations with the retaliation allegations and improperly attempts to argue that any one of these acts – sexual harassment or retaliation – if timely or within the scope of the charge somehow makes all the other conduct alleged actionable. This is not the case. Plaintiff also unconvincingly asserts that the allegations sufficiently plead a plausible claim of sexual harassment and retaliation.

I.      **PLAINTIFF CANNOT STATE A CLAIM FOR HOSTILE ENVIRONMENT SEXUAL HARASSMENT BECAUSE IT IS TIME BARRED.**

Before bringing a Title VII action, a plaintiff must exhaust the administrative remedies by filing a charge with the EEOC and then obtaining a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1); *see also Shillingford, II v. Rolly Marine Serv., Inc.,* No. 14-CIV-61936, 2014 WL 6682477, at *4 (S.D. Fla. Nov. 25, 2014) *(citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460 (5th Cir.1970)). The time limit for filing a charge under Title VII in Florida is 300 days after the date of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1). A claim is time barred if not filed within these time limits. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002). Plaintiff filed her charge of discrimination on or about January 21, 2025. [*Am. Compl.* ¶ 48, ECF No. 8; *Def. Mot. to Dismiss* at Ex. A]. Three hundred days prior to the filing of her charge is March 27, 2024.

Plaintiff's argument is that, with hostile environment claims, conduct that pre-dates the period for filing a claim can be considered so long as the older events are related to timely events. This applies whether the hostile work environment claim is for sexual harassment or retaliation. While generally that may be the case, here, Plaintiff conflates the untimely sexual harassment allegations with the unrelated retaliation allegations. In doing so, Plaintiff tries to make the sexual harassment allegations timely, which they are not, by linking them to otherwise timely but unrelated allegations of retaliation.

Plaintiff alleges that starting in February 2021 she began experiencing inappropriate comments and conduct from Celestino Diaz ("Diaz"), a co-worker. [*Am. Compl.* ¶¶ 15-21, ECF No. 8]. She complained about this conduct to Human Resources ("HR") in August 2022. [*Am. Compl.* ¶ 22, ECF No. 8]. She mentions an incident that occurred between her and Diaz in November 2022 where Diaz allegedly threw a balled-up piece of paper at her and called her "unbearable," which on its face is not sexual harassment. [*Am. Compl.* ¶ 24, ECF No. 8]. There is no other allegation of sexual harassment anywhere in the Amended Complaint and there is no other specific allegation of her complaining to HR about sexual harassment after August 2022. In fact, Plaintiff provides no other dates in her Amended Complaint until April 2024, when she states a "less-experienced" male was brought in to work with her and Diaz. [*Am. Compl.* ¶ 41, ECF No. 8].

Plaintiff refers to paragraph 28 of the Amended Complaint to try to establish that the sexual harassment continued. [*Pl. Resp.* at p. 4, ECF No. 20]. In that paragraph, Plaintiff simply alleges that Diaz's "hostile, improper and illegal conduct" towards her continued causing her to suffer anxiety and emotional distress. [*Am. Compl.* ¶ 28, ECF No. 8]. She alleges that this allegation is somehow enough to indicate that she continued to suffer sexual harassment. She provides no detail about how Diaz continued to sexually harass her, and she provides no detail about his conduct after she complained to HR in August 2022. If Diaz's conduct was so sexually salacious, Plaintiff certainly would have described it. In fact, Plaintiff does not specifically refer to any conduct on the part of Diaz until 20 months later when, in April 2024, she alleges that Diaz ignores her work-related questions, and mocks and insults her. [*Am. Comp.* ¶ 41, ECF No. 8]. This does not plausibly allege that the sexual harassment continued. Based on the four corners of the Amended Complaint, no sexual harassment occurred after Plaintiff complained to HR in August 2022.

After Plaintiff's August 2022 complaint to HR, the focus of the allegations in the Amended Complaint shifts from her co-worker Diaz to her manager, Luiz Benitez ("Benitez"). The substance of the allegations also changes from those alleging sexual harassment to those alleging retaliatory actions. Plaintiff states generalized allegations against Benitez about retaliatory conduct – namely, conduct that included berating her, hitting his desk, micro-managing her, yelling at her and isolating her – for the 20-month period between August 2022 and April 2024. Plaintiff then starts to provide more specific allegations about a less-experienced male being brought in by Goya in April 2024, a meeting in July 2024 where Benitez allegedly yelled at her and told her "he wanted to throw her out," an August 2, 2024, meeting where she was given a "spurious warning" by Benitez, and another meeting with Benitz in "late 2024" where he allegedly accused Plaintiff of threatening him and mimicked with his hand putting a gun to his temple. [*Am. Compl.* ¶¶ 34, 37, 38, 41]. She then alleges some other discrete actions that do not appear to be tied to Benitez as also being retaliatory – her having to cover the reception area, being offered less overtime work, and being excluded from employee holiday parties. [*Am. Compl.* ¶¶ 42, 43, 44 46]. All of Plaintiff's allegations about retaliation are unlike her allegations of sexual harassment and cannot be used to somehow make the allegations of sexual harassment timely.

In tying together untimely claims to timely claims for a hostile work environment and continuing violations, the Eleventh Circuit has stated that there must be more in common than the

identity of the employee and the entity employing the alleged discriminator. *Jimenez v. U.S. Attorney General*, 2025 WL 2025523, 2025 U.S. App. LEXIS 18028, *23-24, (11ᵗʰ Cir. 2025) (citing *Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 801 (11the Cir. 1988), *opinion amended on reh'g*, 850 F.2d 1549 (11th Cir. 1988)). "Separate acts may be treated as part of the same 'unlawful employment practice' if the 'pre-and post-limitations period incidents involved the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers.'" *Id.* (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 120-121 (2002)). Here, there is no similarity between the allegations against Diaz, Plaintiff's co-worker, for sexual harassment and the allegations against Benitez, Plaintiff's manager, for retaliation. Simply put, the timely allegations of retaliation cannot revive the untimely sexual harassment claims.

In *Risinger v. BASF, Inc.*, 2007 WL 9725084, 2007 U.S. Dist. LEXIS 116404, (E.D. Tex. Sept. 24, 2007), a female employee alleged that she had been sexually harassed between 2000 and 2003. *Id.* at *2-4. In June 2003, an internal investigation was conducted. The alleged harasser was reprimanded and thereafter ceased making inappropriate sexual comments. The only later conduct directed at the plaintiff by the former harasser was a glare or gesture, and one comment made in her presence about how women should show their "boobs like [Janet Jackson]." *Id.* at *6-7. The plaintiff was later counseled for performance issues and ultimately terminated in January 2006 by individuals who were not the former harasser. *Id.* at *7-13. Based on the filing of her charge of discrimination, the claims that were timely were for the incidents that occurred 300 days prior to the filing of her charge, or March 25, 2005. *Id.* at *23. Plaintiff attempted to argue that a continuing violation theory protected her untimely claims of sexual harassment from dismissal. The court held that the retaliation claims could not revive the sexual harassment hostile work environment claim. *Id.* at *24-25. The court stated that a continuing violation "'requires the *same type* of discriminatory acts to occur both inside and outside the limitations period, such that a valid connection exists between them.'" *Id.* (emphasis in original) (citing *Felton v. Polles*, 315 F.3d 470, 485 (5th Cir. 2002) (quoting *Celestine v. Petroleos De Venezuela SA*, 266 F.2d 343, 351 (5th Cir. 2001) (quoting *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 913 (5th Cir. 2000))).

In *Mitchell v. Raymond James & Assocs, Inc.*, No. 8:23-CV-2341-VMC-TGW, 2024 WL 4486565, 2024 U.S. Dist. LEXIS 151960 (M.D. Fla. Aug. 23, 2024), report and recommendation adopted, No. 8:23-CV-2341-VMC-TGW, 2024 WL 4263151, 2024 U.S. Dist. LEXIS 170856

(M.D. Fla. Sept. 23, 2024), a case cited by Plaintiff, the court addressed whether the Ending Forced Arbitration Act ("EFAA"), which applied only to claims arising after March 3, 2022, barred the arbitration of a sexual harassment complaint brought by a female executive who had signed an arbitration agreement with her employer. The employer sought to compel arbitration. The plaintiff alleged that she had been subjected to 14 alleged instances of sexually harassing conduct over a 15-year period. One of the alleged acts of sexual harassment occurred after March 3, 2022, and was the only act that was timely. This timely allegation involved another female executive that plaintiff had heard about who had allegedly been asked by a drunk male executive if they previously had sex and whether they could have sex.

The court found that, to state a claim under the EFAA, the plaintiff had to meet the standard for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and had to state a plausible claim of sexual harassment. The court applied the "one unlawful employment practice" adopted by the United States Supreme Court in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), for hostile work environment claims. The court stated that "[e]lements considered in determining whether the acts are part of a single unlawful employment practice include whether 'the pre- and post-limitations period incidents involved the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers.'" *Mitchell*, 2024 U.S. Dist. LEXIS 151960, *19-20 (citations omitted). Thus, the court found that plaintiff's claim was untimely under the EFAA because the one timely incident was "unrelated to the alleged prior sexual harassment incidents, which involved different perpetrators and victims, different kinds of sexual harassment, and occurred in environments under different circumstances sporadically over a 15-year period." *Id.* at *21. The court thereby refused to consider the timely act and the untimely acts as "one unlawful employment practice."

Likewise, in the matter at hand, there is no commonality between the acts of alleged sexual harassment by Plaintiff's coworker, Diaz, and the acts of alleged retaliatory conduct by Plaintiff's manager, Benitez, such that the acts can be considered "one unlawful employment practice." Indeed, there is nothing that ties the conduct together. Just as in *Risinger* and *Mitchell*, Diaz's earlier acts of alleged sexual harassment are completely unlike the later acts of retaliation. The earlier alleged acts involve co-worker Diaz, the later alleged acts involve her manager, Benitez. Further, the later alleged acts involve only purported retaliation, they do not involve any type of sexual harassment. In fact, the sexual harassment did not continue, it stopped after Plaintiff

complained to HR in August 2022. Accordingly, the allegations of sexual harassment, all of which occurred almost two years prior to March 27, 2024, the date that is 300 days prior to the filing of the charge, are untimely and must be dismissed. *See Shinhoster v. City of Coral Gables,* Case No. 1:16-cv-23025-UU, 2016 WL 6156223, at *2 (S.D. Fla. Oct. 19, 2016).

## II.     PLAINTIFF'S ALLEGATIONS THAT ARE NOT WITHIN THE SCOPE OF THE EEOC CHARGE SHOULD BE DISMISSED.

Plaintiff's argument on the exhaustion of remedies misses the point and focuses *only* on the fact that Goya pointed out in its moving brief that her EEOC charge of discrimination only listed "sex" as the basis for her claim of discrimination and did not list retaliation. While it is true that Plaintiff only listed "sex" as the type of discrimination alleged in her EEOC charge, Goya's Motion to Dismiss is not merely based on Plaintiff's failure to "check a box," as Plaintiff claims. Rather, the instant Motion is based primarily on the fact that Plaintiff's EEOC charge failed to identify conduct that Plaintiff now claims is retaliatory.

Plaintiff's EEOC charge of discrimination almost exclusively focuses on the period between February 2021 when she started working with Diaz and November 2022 when Diaz allegedly called her "unbearable." [*Mot. to Dismiss*, Ex. A, ECF 15]. The charge contains one paragraph about Benitez' alleged retaliatory conduct after Plaintiff's complained to HR in August 2022. That paragraph only alleges that Benitez threatens Plaintiff's job, berates her, makes fun of her, acts disrespectfully towards her, isolates her, and that he brought in a less-experienced male and assigned Plaintiff's work to him. As is telling, however, a comparison of the allegations contained in the charge to the allegations in the Plaintiff's Amended Complaint reveals that the following allegations are *not* contained in the charge: (1) being taken away from her responsibilities to "cover" the reception area while other male employees in her department are not required to do the same [*Am. Compl.* ¶ 42, ECF No. 8]; (2) receiving less overtime work [*Id.* ¶ 43]; (3) having to clear and coordinate her vacation time with Diaz and co-worker Randy Lorente ("Lorente") [*Id.* ¶ 44]; (4) being excluded from employee holiday celebrations and gift exchanges [*Id.* ¶ 46]; (5) being subjected to contrived accusations of infractions and unfounded reprimands [*Id.* ¶ 72(c)]; (6) being subjected to targeted monitoring and tracking to create meritless grounds to discipline her [*Id.* ¶ 72(d)]; and (7) refusing to address Plaintiff's complaints of retaliatory acts [*Id.* ¶ 72(g)]. Some of these new allegations appear to be discrete acts of retaliation – such as the allegations pertaining to overtime work and disciplinary actions. Some of

these new allegations do not even appear to have any correlation to Benitez, such as having to cover reception or being excluded from holiday celebrations. None of these allegations contained in Plaintiff's Amended Complaint are "like, related to, or grew out" of the allegations contained in Plaintiff's EEOC charge. *See Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1280 (11th Cir. 2004); *Fernandez v. City of Miami Beach,* Case No. 15-22919-CIV-WILLIAMS (S.D. Fla. Feb. 26, 2016); *Charles v. AFSCME, Local 121,* Case No. 09-22279-CIV, 2010 WL 2026686, at *3 (S.D. Fla. May 21, 2010) (citing *Gregory,* 355 F.3d at 1280). As such, Plaintiff has not exhausted her administrative remedies for those allegations that are newly mentioned in the Amended Complaint and were not in mentioned in the charge of discrimination.

Further, an additional basis for the instant Motion to Dismiss is that Plaintiff makes subtle references to being treated differently from males in her Amended Complaint. For example, Plaintiff alleges that a "less-experienced" male is given "all the instructions." [*Am. Compl.* ¶ 41, ECF No. 8]; that she must cover reception while males in her department are not required to do so [*Am. Compl.* ¶ 42, ECF No. 8]; and that she must coordinate her leave time with her co-workers while other male employees do not have to do so. [*Am. Compl.* ¶ 44, ECF No. 8]. To the extent that Plaintiff was attempting to bring a sex discrimination claim based on being treated differently than males – as opposed to a hostile work environment claim – Goya maintained that such a purported claim must fail because Plaintiff's EEOC charge does not allege a discriminatory, tangible employment action based on sex, but rather only attempts to allege some type of general "hostility" towards Plaintiff. Plaintiff's response to the instant Motion to Dismiss, however, dispels the notion that Plaintiff is attempting to bring such a claim. Plaintiff does not mention any type of discrete act of sex-based discrimination in her response memorandum, and only focuses on a retaliatory hostile work environment.

III.   **PLAINTIFF DOES NOT STATE A PLAUSIBLE CLAIM FOR SEXUAL HARASSMENT.**

The conduct alleged by Plaintiff does not state a plausible claim for sexual harassment because her allegations are not sufficiently severe or pervasive to create an objectively hostile work environment and because there is no basis for employer liability. A party claiming hostile work environment must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510

U.S. 17, 21 (1993). The analysis to establish whether harassing conduct is sufficiently severe or pervasive to alter the terms and conditions of a plaintiff's employment includes both an objective and a subjective component. *Id.* The plaintiff must subjectively perceive the environment to be abusive, and the conduct must be severe or pervasive enough to create an objectively hostile or abusive work environment. *Id.* at 21.

In the matter at hand, the conduct alleged to constitute sexual harassment occurred over the course of 18 months between February 2021 and August 2022. As discussed in Point I above, Plaintiff refers to paragraph 28 of the Amended Complaint to attempt to establish that the sexual harassment continued beyond that timeframe. [*Pl. Resp.* at p. 4, ECF No. 20]. Paragraph 28 alleges, in its entirety, as follows: "As a direct result of [Plaintiff's] complaints to Goya's HR Department, Diaz's hostile, improper and illegal conduct toward [Plaintiff] continued and intensified, causing [Plaintiff] to suffer severe anxiety and emotional distress, at times suffering physical symptoms of the anxiety and distress." [*Am. Compl.* ¶ 28, ECF No. 8]. Undoubtedly, this bald and generalized assertion does not plausibly allege that any sexual harassment continued. In fact, after Plaintiff complained to HR in August 2022, Diaz's alleged sexually related conduct stopped. This is evidenced by the fact that Plaintiff makes no further allegations about sexually related conduct in her Amended Complaint.

Plaintiff's burden of proving that the harassment was sufficiently severe and pervasive to create an objectively hostile work environment is a heavy one. Here, over the course of an 18-month period (i.e., from February 2021 to August 2022), Plaintiff alleges that Diaz said or did approximately 10 inappropriate things. Plaintiff does not allege that anyone else witnessed this conduct. Plaintiff does not allege that there was any inappropriate touching, solely comments. She does not even allege that the conduct interfered with her work environment. In fact, in one of the last allegations that Plaintiff makes about Diaz' alleged sexual harassment, she states that she "confronted" Diaz about phone calls she was receiving that she presumed were from him. [*Am. Compl.* ¶ 21, ECF No. 8]. For someone who was so threatened by Diaz and his conduct, her willingness to confront him at work contradicts her allegations and makes it difficult for her to establish that the work environment was objectively so severe and pervasive that it altered her working conditions. The conduct alleged by Plaintiff is simply not sufficiently severe and pervasive to create an objectively hostile work environment. *See Clark Cnty. Sch. Bd. v. Breeden*, 532 U.S. 268, 271 (2001) (noting that offhand comments, and isolated incidents, unless extremely

serious, will not amount to discriminatory changes in the terms and conditions of employment); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) (stating that "isolated incidents, unless extremely serious, will not amount to discriminatory changes in the 'terms and conditions of employment'"); *Webb v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1027-28 (11th Cir. 2008), *cert. denied,* 555 U.S. 1100 (2009) (in upholding summary judgment for employer on sexual harassment claim the court stated that comments by a male to female subordinate that she "looked hot," "should wear tighter clothing," "or women who dye their hair have issues at home" were "taunting and boorish," but not threatening or humiliating); *Burnett v. Tyco Corp.*, 203 F.3d 980 (6th Cir.), *cert. denied*, 531 U.S. 928 (2000) (finding that remarks about plaintiff "losing her cherry" and the alleged harasser "getting aroused" as well as a battery failed to create an issue of material fact as to whether the conduct was sufficiently severe and pervasive); *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428 (7th Cir. 1995) (finding that nine or more comments or gestures, including a reference to masturbation, over a seven-month period was not actionable harassment); *Mitchell,* 2024 U.S. Dist. LEXIS 151960 at *23-24 (finding that 14 instances of sexual harassment over a 15-year period did not state a plausible claim for sexual harassment because it was not objectively severe and pervasive).

Moreover, no sexual harassment occurred after Plaintiff complained to HR in August 2022 and, therefore, Plaintiff has not established a basis for employer liability. An employer will not be liable for sexual harassment by a co-worker once a complaint is made, and the conduct stops. *See Bazemore v. Best Buy*, 957 F.3d 195, 201 (4th Cir. 2020; *Knabe v. Boury Corp.*, 114 F.3d 407, 412 (3rd Cir. 1997); *Strozyk v. Phoenixville Hosp.*, 357 F. Supp. 3d 485, 492-93 (E.D. Pa. 2019). Plaintiff cannot establish a basis for employer liability because Diaz's alleged inappropriate conduct stopped after Plaintiff complained to HR in August 2022.

### IV.    PLAINTIFF HAS NOT STATED A CLAIM FOR RETALIATION.

There is no causal connection in the matter at bar between any protected activity by Plaintiff and any adverse action by Goya. Plaintiff attempts to bridge the gap from August 2022, when she first complained of Diaz's alleged conduct, until today by claiming that all the conduct is one continuing employment action. However, between Plaintiff's August 2022 complaint to HR and the complaint in April 2024 about Lorente being brought in [*Am. Compl.* ¶ 41], Plaintiff makes only generalized allegations about Benitez's conduct. There is no allegation of any specific misconduct until 2024. Clearly, the acts in 2024 are too remote in time from Plaintiff's complaint

to HR to create a causal connection for purposes of a retaliation claim. Plaintiff, at the very least, should be required to provide more specifics to establish that the conduct that is more than 300 days prior to the filing of her charge (i.e., March 2024) was of a continuing nature and constituted "one unlawful employment practice."

## V.   AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE, OR PLAINTIFF SHOULD PROVIDE A MORE DEFINITE STATEMENT.

Plaintiff's Amended Complaint should be dismissed with prejudice because any amendment would be futile. If the Court is inclined to allow another amendment, Goya respectfully requests that the court strike any allegations that are untimely or beyond the scope of the EEOC charge and require Plaintiff to provide a more definite statement. The more definite statement would include (1) more specifics about Benitez' alleged improper conduct between Plaintiff's complaint to HR in August 2022 and April 2024, when he brought in the less-experienced male, (2) a basis for finding that Benitez somehow had an intent to retaliate because Plaintiff complained about Diaz, and (3) more specifics about how Benitez was involved, if he was, in the "discrete" acts regarding Plaintiff's need to cover reception, Plaintiff being provided with less overtime, Plaintiff's alleged exclusion from holiday celebrations and gift exchanges, and Plaintiff being subjected to targeted monitoring and tracking to create meritless grounds to discipline her.

## CONCLUSION

For the foregoing reasons, Defendant Goya Foods, Inc. d/b/a Goya Foods of Florida respectfully requests that its Motion be granted, and the Amended Complaint be dismissed with prejudice and in its entirety.

Respectfully Submitted,
September 22, 2025

**BRYANT MILLER OLIVE P.A.**
One S.E. Third Avenue, Suite 2200
Miami, Florida  33131
(305) 374-7349 (Phone)
(305) 374-0895 (Fax)

By /s/Denise M. Heekin
    Denise M. Heekin (FL Bar No. 892998)
    dheekin@bmolaw.com
    Ayla Arshad (FL Bar No. 1031226)
    aarshad@bmolaw.com
    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through PACER, on this 22nd day of September, 2025, on all parties of record as indicated on the Service List below.

/s/ Denise Heekin
Denise M. Heekin

## SERVICE LIST

**RODRIGUEZ TRAMONT & NUÑEZ, P.A.**
255 Alhambra Circle, Suite 1150
Coral Gables, Florida  33134
305-350-2300 (Telephone)
305-350-2525 (Fax)

**Andrew V. Tramont, Esquire**
Florida Bar No. 322830
avt@rtgn-law.com
**Stephanie Therese Nuñez, Esquire**
Florida Bar No. 099588
stn@rtgn-law.com
**Paul M. Nuñez, Esquire**
Florida Bar No. 124205
pmn@rtgn-law.com
*Counsel for Plaintiff*